UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| **FELICIA BADY, GREGORY BADY, L.T. MALONE, NICHELLE McCLINTON, LARRY JONES and MAURICE CARSWELL,** | ) ) ) ) ) | |
| Plaintiffs, | ) ) | Case No. 05 C 3754 |
| v. | ) ) | Judge Shadur |
| **P.O. VALENTINE #7931, P.O. JONES #10669, P.O. SCHNIER #12298, P.O. ANDERSON #3129, P.O. JOSEPH SPEDALE, P.O. PAUL URBAN, P.O. BRIAN MURPHY, LT. PAUL KANE, P.O. SEBASTIAN FLATLEY, P.O DAVID LEWIS, JR., P.O. MICHAEL AMORELLA, P.O. MATTHEW McDONOUGH, P.O. KATHERINE WILLIAMS. P.O. BRUCE SOBOL and P.O. SEAN MARRON, individually, and the CITY OF CHICAGO,** | ) ) ) ) ) ) ) ) ) ) ) ) ) | Magistrate Judge Nolan |
| Defendants. | ) | |

**FIFTH AMENDED COMPLAINT**

NOW COME the Plaintiffs, FELICIA BADY, GREGORY BADY, L.T. MALONE, NICHELLE McCLINTON, LARRY JONES and MAURICE CARSWELL, by and through their attorneys, GREGORY E. KULIS AND ASSOCIATES, complaining against the Defendants, P.O. VALENTINE, P.O. JONES, P.O. SCHNIER, P.O. ANDERSON, P.O. JOSEPH SPEDALE, P.O. PAUL URBAN, P.O. BRIAN MURPHY, LT. PAUL KANE, P.O. SEBASTIAN FLATLEY, P.O. DAVID LEWIS, JR., P.O. MICHAEL AMORELLA, P.O. MATTHEW McDONOUGH, P.O. KATHERINE WILLIAMS, P.O. BRUCE SOBOL and P.O. SEAN MARRON, individually, and the CITY OF CHICAGO, as follows:

**COUNT I-FALSE ARREST – Felicia Bady and Gregory Bady**

1) This action is brought pursuant to the Laws of the United States Constitution, specifically, 42 U.S.C. §1983 and §1988, and the laws of the State of Illinois, to redress deprivations of the Civil Rights of the Plaintiffs, and accomplished by acts and/or omissions of the Defendants committed under color of law.

2) Jurisdiction is based on Title 28 U.S.C. §1343 and §1331 and supplemental Jurisdiction of the State of Illinois.

3) The Plaintiffs, FELICIA BADY, GREGORY BADY, L.T. MALONE, NICHELLE McCLINTON, LARRY JONES and MAURICE CARSWELL, were United States citizens and permanent residents of the State of Illinois.

4) The Defendants, P.O. VALENTINE, P.O. JONES, P.O. SCHNIER, P.O. ANDERSON, P.O. JOSEPH SPEDALE, P.O. PAUL URBAN, P.O. BRIAN MURPHY, LT. PAUL KANE, P.O. SEBASTIAN FLATLEY, P.O. DAVID LEWIS, JR., P.O. MICHAEL AMORELLA, P.O. MATTHEW McDONOUGH, P.O. KATHERINE WILLIAMS, P.O. BRUCE SOBOL and P.O. SEAN MARRON, were at all relevant times duly appointed police officers of the City of Chicago and at all relevant times were acting within their scope of employment and under color of law.

5) On February 18, 2005, the Plaintiffs were driving their car in the vicinity of the 200 block of North Lockwood in the City of Chicago.

6) The Plaintiffs were not committing any crime or breaking any laws.

7) Defendants SPEDALE, URBAN, KANE and FLATLEY approached the Plaintiffs' vehicle and stopped them.

8) The Defendants ordered Plaintiffs out of their vehicle.

9) The Plaintiffs complied.

10) Without probable cause, the Defendants searched the Plaintiffs.

11) Defendants SPEDALE, URBAN, KANE and FLATLEY arrested the Plaintiffs.

12) Defendants VALENTINE and SCHNIER filed charges, under oath, against the Plaintiffs.

13) The Defendants did not witness the Plaintiffs committing any crime.

14) The Plaintiffs were not committing any crime.

15) The Defendants did not have probable cause to arrest the Plaintiffs.

16) The Defendants did not have probable cause to charge the Plaintiffs.

17) Said actions of the Defendants officers were intentional, willful and wanton.

18) Said actions of the Defendants violated the Plaintiffs' Fourth and Fourteenth Amendment Rights of the United States Constitution and were in violation of said rights protected by 42 U.S.C. §1983.

19) As a direct and proximate consequence of said conduct of the Defendants, P.O. SPEDALE, P.O. URBAN, LT. KANE, P.O. FLATLEY, P.O. VALENTINE and P.O. SCHNIER, the Plaintiffs, FELICIA BADY and GREGORY BADY, suffered violations of their constitutional rights, emotional anxiety, fear, pain and suffering and monetary loss and expense.

WHEREFORE, the Plaintiffs, FELICIA BADY and GREGORY BADY, pray for judgment against the Defendants, P.O. SPEDALE, P.O. URBAN, LT. KANE, P.O. FLATLEY, P.O. VALENTINE and P.O. SCHNIER, jointly and severally, in an amount in excess of TWENTY FIVE THOUSAND AND 00/100 ($25,000.00) DOLLARS in compensatory damages and TEN THOUSAND AND 00/100 ($10,000.00) DOLLARS punitive damages, plus attorney's fees and costs.

## COUNT II – FALSE ARREST – L.T. Malone

1-3)   The Plaintiff, L.T. MALONE, hereby realleges paragraphs 1-3 of Count I as his paragraphs 1-3 of Count II as though fully set forth.

4)   Plaintiff L.T. MALONE was parked in his car on Lockwood Avenue waiting for a friend.

5)   Defendant officers approached his car and accused him of buying drugs.

6)   The Defendants, P.O. MURPHY, P.O. AMORELLA and P.O. McDONOUGH, arrested Plaintiff L.T. MALONE.

7)   Defendant VALENTINE filed charges, under oath, against Plaintiff L.T. MALONE.

8)   The Defendants did not witness Plaintiff L.T. MALONE committing any crime.

9)   The Plaintiff was not committing any crime.

10)   The Defendants did not have probable cause to arrest the Plaintiff.

11)   The Defendants did not have probable cause to charge the Plaintiff.

12)   Said actions of the Defendants, P.O. MURPHY, P.O. AMORELLA, P.O. McDONOUGH and P.O. VALENTINE, were intentional, willful and wanton.

13)   Said actions of the Defendants, P.O. MURPHY, P.O. AMORELLA, P.O. McDONOUGH and P.O. VALENTINE, violated the Plaintiff's Fourth and Fourteenth Amendment Rights of the United States Constitution and were in violation of said rights protected by 42 U.S.C.§1983.

14)   As a direct and proximate consequence of said conduct of the Defendants, P.O. MURPHY, P.O. AMORELLA, P.O. McDONOUGH and P.O. VALENTINE, the Plaintiff, L.T. MALONE, suffered violations of his constitutional rights, emotional anxiety, fear, pain and suffering and monetary loss and expense.

WHEREFORE, the Plaintiff, L.T. MALONE, prays for judgment against the Defendants, P.O. MURPHY, P.O. AMORELLA, P.O. McDONOUGH and P.O. VALENTINE, jointly and severally, in an amount in excess of TWENTY FIVE THOUSAND AND 00/100 ($25,000.00) DOLLARS in compensatory damages and TEN THOUSAND AND 00/100 ($10,000.00) DOLLARS punitive damages, plus attorneys fees and costs.

### COUNT III – FALSE ARREST – Nichelle McClinton

1-3)   The Plaintiff, NICHELLE McCLINTON, hereby realleges paragraphs 1-3 of Count I as her paragraphs 1-3 of Count III as though fully set forth.

4)   Plaintiff NICHELLE McCLINTON was walking home from the store on Lockwood Avenue.

5)   Defendant LEWIS approached her and accused her of buying drugs.

6)   Defendant LEWIS arrested Plaintiff NICHELLE McCLINTON.

7)   Defendant VALENTINE filed charges, under oath, against Plaintiff NICHELLE McCLINTON.

8)   The Defendants did not witness Plaintiff NICHELLE McCLINTON committing any crime.

9)   The Plaintiff was not committing any crime.

10)   The Defendants did not have probable cause to arrest the Plaintiff.

11)   The Defendants did not have probable cause to charge the Plaintiff.

12)   Said actions of the Defendants were intentional, willful and wanton.

13)   Said actions of the Defendants violated the Plaintiff's Fourth and Fourteenth Amendment Rights of the United States Constitution and were in violation of said rights protected by 42 U.S.C.§1983.

14) As a direct and proximate consequence of said conduct of the Defendants, P.O. LEWIS and P.O. VALENTINE, the Plaintiff, NICHELLE McCLINTON, suffered violations of her constitutional rights, emotional anxiety, fear, pain and suffering and monetary loss and expense.

WHEREFORE, the Plaintiff, NICHELLE McCLINTON, prays for judgment against the Defendants, P.O. LEWIS and P.O. VALENTINE, in an amount in excess of TWENTY FIVE THOUSAND AND 00/100 ($25,000.00) DOLLARS in compensatory damages and TEN THOUSAND AND 00/100 ($10,000.00) DOLLARS punitive damages, plus attorneys fees and costs.

## COUNT IV – FALSE ARREST – Larry Jones

1-3) The Plaintiff, LARRY JONES, hereby realleges paragraphs 1-3 of Count I as his paragraphs 1-3 of Count IV as though fully set forth.

4) Plaintiff LARRY JONES was walking in the vicinity of Lockwood Avenue.

5) The Defendant officers approached him and accused him of buying drugs.

6) The Defendants, P.O. SOBOL, P.O. WILLIAMS and P.O. MARRON, arrested Plaintiff LARRY JONES.

7) Defendant SCHNIER filed charges, under oath, against Plaintiff LARRY JONES.

8) The Defendants did not witness Plaintiff LARRY JONES committing any crime.

9) The Plaintiff was not committing any crime.

10) The Defendants did not have probable cause to arrest the Plaintiff.

11) The Defendants did not have probable cause to charge the Plaintiff.

12) Said actions of the Defendants, P.O. SOBOL, P.O. WILLIAMS, P.O. MARRON and P.O. SCHNIER, were intentional, willful and wanton.

13) Said actions of the Defendants, P.O. SOBOL, P.O. WILLIAMS, P.O. MARRON and P.O. SCHNIER, violated the Plaintiff's Fourth and Fourteenth Amendment Rights of the United States Constitution and were in violation of said rights protected by 42 U.S.C.§1983.

14) As a direct and proximate consequence of said conduct of the Defendants, P.O. SOBOL, P.O. WILLIAMS, P.O. MARRON and P.O. SCHNIER, the Plaintiff, LARRY JONES, suffered violations of his constitutional rights, emotional anxiety, fear, pain and suffering and monetary loss and expense.

WHEREFORE, the Plaintiff, LARRY JONES, prays for judgment against the Defendants, P.O. SOBOL, P.O. WILLIAMS, P.O. MARRON and P.O. SCHNIER, jointly and severally, in an amount in excess of TWENTY FIVE THOUSAND AND 00/100 ($25,000.00) DOLLARS in compensatory damages and TEN THOUSAND AND 00/100 ($10,000.00) DOLLARS punitive damages, plus attorneys fees and costs.

### COUNT V – FALSE ARREST – Maurice Carswell

1-3) The Plaintiff, MAURICE CARSWELL, hereby realleges paragraphs 1-3 of Count I as his paragraphs 1-3 of Count V as though fully set forth.

4) Plaintiff MAURICE CARSWELL was walking on the sidewalk on Lockwood Avenue between Fulton and Washington.

5) The Defendant officers approached him and accused him of buying drugs.

6) The Defendants, P.O. JONES and P.O. WILLIAMS, arrested Plaintiff MAURICE CARSWELL.

7) Defendant ANDERSON filed charges, under oath, against Plaintiff MAURICE CARSWELL.

8) The Defendants did not witness Plaintiff MAURICE CARSWELL committing any crime.

9) The Plaintiff was not committing any crime.

10) The Defendants did not have probable cause to arrest the Plaintiff.

11) The Defendants did not have probable cause to charge the Plaintiff.

12) Said actions of the Defendants, P.O. JONES, P.O. WILLIAMS and P.O. ANDERSON, were intentional, willful and wanton.

13) Said actions of the Defendants violated the Plaintiff's Fourth and Fourteenth Amendment Rights of the United States Constitution and were in violation of said rights protected by 42 U.S.C.§1983.

14) As a direct and proximate consequence of said conduct of the Defendants, P.O. JONES, P.O. WILLIAMS and P.O. ANDERSON, the Plaintiff, MAURICE CARSWELL, suffered violations of his constitutional rights, emotional anxiety, fear, pain and suffering and monetary loss and expense.

WHEREFORE, the Plaintiff, MAURICE CARSWELL, prays for judgment against the Defendants, P.O. JONES, P.O. WILLIAMS and P.O. ANDERSON, jointly and severally, in an amount in excess of TWENTY FIVE THOUSAND AND 00/100 ($25,000.00) DOLLARS in compensatory damages and TEN THOUSAND AND 00/100 ($10,000.00) DOLLARS punitive damages, plus attorneys fees and costs.

## COUNT VI – MONELL PRACTICE AND POLICY CLAIM
## AGAINST CITY OF CHICAGO

1-17) The Plaintiffs hereby reallege paragraphs 1-15 of Count I as their paragraphs 1-15 of Count VI as though fully set forth.

18) The CITY OF CHICAGO is officially responsible for the supervision of all police officers of the Chicago Police Department and for setting customs, practices and policy.

19) In 2005, The CITY OF CHICAGO initiated, maintained, and has allowed a custom, practice and policy to exist whereby:

      a)    police officers conduct 'sting' operations in the 15th District;

      b)    as part of these operations, individuals are arrested and charged with various drug offenses, including but not limited to attempt possession of a controlled substance;

      c)    police officers arrest individuals that are not committing any crime but were merely in the area of the sting operation to establish "numbers of arrests";

      d)    police officers arrest individuals without probable cause to establish "numbers of arrests";

      e)    police officers arrest charge individuals without probable cause to establish "numbers of arrests";

      f)    police officers working as part of the sting operation are encouraged to fill quotas for the operation; and,

      g)    the sting operations are quota driven operations.

20) The Plaintiffs have a reasonable belief that such operations were in effect within the 15th District on February 18, 2005, July 13, 2005, September 2, 2005 and December 1, 2005.

21) That on at least each of the above dates, numerous individuals, including the Plaintiffs, were arrested and charged with drug related offenses.

22) The Plaintiffs are aware of numerous individuals who were similarly arrested on July 13, 2005, September 2, 2005 and December 1, 2005 and other dates.

23) That each of the operations leading to the arrests come out of a similar set of facts and circumstances in the 15th District.

24) That each of the Plaintiffs was arrested as part of one of these operations.

25) There is custom, policy or practice of individuals being approached by undercover police officers and accused of attempting to purchase drugs.

26) There is a custom, policy or practice of individuals placed under arrest using temporary plastic handcuffs.

27) That Chicago police officers then write a number on the arrestees' hand to keep track of how many individuals have been arrested.

28) That during one or more of these operations, the Chicago police officers involved stated something along the lines of 'only a few more arrests to go' or 'you're number 20, only 10 more arrests to go', giving the impression that there was a quota for the arrests.

29) Based on the above, it is clear there is a custom, practice or policy of such operations.

30) There is a custom, practice or policy that the Defendant officers arrest individuals to fill a quota for arrests.

31) These customs, practices and policies were a contributory force behind the unlawful acts against the Plaintiffs and facilitated these acts.

32) Said custom, practice and policy violated the Plaintiffs' Fourth and Fourteenth Amendment Rights of the United States Constitution and were violation of said rights protected by 42 U.S.C. §1983.

33) As a direct and proximate consequence of said conduct of Defendant CITY OF CHICAGO, the Plaintiffs suffered violations of their constitutional rights, emotional anxiety, fear, humiliation, insult, monetary loss, pain and suffering.

WHEREFORE, the Plaintiffs pray for judgment against the Defendant, CITY OF CHICAGO in an amount in excess of TWENTY FIVE THOUSAND AND 00/100 ($25,000.00) DOLLARS in compensatory damages, plus reasonable costs.

## CLASS ALLEGATIONS

1-33) The Plaintiffs hereby reallege paragraphs 1-33 of Count VI as their paragraphs 1-33 of Count VII as though fully set forth.

34) The City of Chicago has established its custom, practice and policy to create "reportable numbers" of arrests for statistical purposes.

35) Said custom and policy disregards the constitutional rights of the general public who may be traveling through or living in the area where drug stings have been conducted.

36) In the vast majority of cases, the arrestees are charged with attempt possession of a controlled substance.

37) The arresting officers rarely, if ever, appear in court to prosecute the charges.

38) Therefore, in the vast majority of cases, the criminal charges against the arrestees are nolle prossed or dismissed.

39) Some arrestees, however, may plead guilty because they cannot afford a criminal defense due to lack of monetary resources or the number of times and inconvenience they would suffer to continue to go to court.

40) Many of these individuals are also forced to plead guilty due to the risk of their individual creditability being tested against numerous law enforcement officers if forced to go to trial.

41) As a result of Defendant City of Chicago's custom, practice and policy, there have been multiple stings through the City which have led to a multitude of arrests.

42) The mode and operation of the stings conducted have been the similar throughout this practice.

43) The above named Plaintiffs, therefore, bring this action on behalf of all of those arrested during sting operations within the past 2 years in the city of Chicago.

44) The members of the class are so numerous as to make it impractical to bring them all before the Court.

45) Each member of the class was arrested as part of a reverse drug sting in the city of Chicago within the past 2 years and has sustained damage as a result of the violations of the laws alleged herein alleged.

46) Except as to the amount of damages each member of the class has by itself sustained, all other questions of law and fact are common to the class.

47) The rights of the members of the class involve common questions of law and fact that predominate over any questions affecting individual Plaintiffs. This class actions is superior to other methods for the fair and efficient adjudication of the controversy herein described. The claims of the Plaintiffs are typical of those to be asserted for the class. Plaintiffs will fairly and adequately represent and protect the interests of the class. Plaintiffs' attorneys are experienced trial counsel who have appeared in this Court and in the United States District Court for the Northern District of Illinois on behalf of numerous plaintiffs.

### **JURY DEMAND**

The Plaintiffs, FELICIA BADY, GREGORY BADY, L.T. MALONE, NICHELLE McCLINTON, LARRY JONES and MAURICE CARSWELL, request a trial by jury.

Respectfully submitted,

/s/ Shehnaz Mansuri
GREGORY E. KULIS AND ASSOCIATES

GREGORY E. KULIS AND ASSOCIATES
30 North LaSalle Street, Suite 2140
Chicago, Illinois 60602
(312) 580-1830